UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JOHN CEDAR,                                                              Civil File No. 06-243 (RHK/JSM)

    Petitioner,

v.                                                                                      REPORT AND RECOMMENDATION

SHERYL MACH

    Respondent.


This matter is before the Court on this Court's August 9, 2006 Order [Docket No. 6] to show cause as to why Petitioner's Petition for Declaratory Judgment [Docket No. 1] should not be dismissed for a lack of subject matter jurisdiction. The matter was referred to the undersigned by the District Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 (b)(1)(B).

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner, John Cedar ("Cedar") claims that Respondent, Patricia Mach ("Mach"), has denied him of constitutional and human rights to their minor child, and that the State of Minnesota has allowed this by terminating the statutory rights to his child. See Petition at p. 3. In particular, Cedar states that Mach has refused to afford Cedar any contact with his child and that the state agencies of Minnesota have allowed her to do so.[1] Id. at p. 4. Cedar has asked this Court to enforce the constitutionally protected rights to child rearing afforded to him by the due process clause of the Constitution and the Declaration of Human Rights Act of 1948, and to grant him a declaration of his rights to his minor child. Id. According to Cedar,

1

the due process clause affords parents a vested liberty interest in child rearing, which has been taken away by Mach by preventing contact with his minor child, and that the Minnesota state courts have allowed these violations to his rights to occur by terminating his statutory rights under state law. Id. at pp. 6-8. Petitioner claims that the state government, including the Minnesota courts, does not have the power to take away his constitutional rights to the custody of his child. Id. at p. 8.

In addition, Cedar alleged that under Minnesota statutes concerning parental rights, it appears that a mother has more rights to a child than a father. Id. at pp. 9-10. As such, Petitioner has asked this Court to determine if he retains the same and equal rights to his child, as the mother of the child, and "to institute equal parental rights in this case and to further prevent the respondent from further depriving petitioner equal rights to his child pursuant to U.S. Const. 14th amendment." Id. at p. 10.

On August 9, 2006, this Court issued an Order [Docket No. 6] questioning whether it has subject matter jurisdiction over the present case, given that it appeared from the record that Cedar was attempting to challenge a state court judgment regarding the custody of his child. This required Cedar to show cause why this action should not be summarily dismissed for lack of subject matter jurisdiction.

On August 25, 2006, Cedar submitted his Memorandum of Law and Affidavit in Support of Subject Matter Jurisdiction as Requested by Magistrate Judge Mayerons [sic] Order dated 8-9-06 ("Pet.'s Mem.") [Docket No. 7]. In his submission, Cedar claimed that he was not challenging any state court decision or appealing any decision. Id. at p. 2. Instead, Cedar asserted that he seeks "to have the federal court determine what his federal rights are

---

[1]   Cedar's parental rights were terminated on October 5, 2000. See Petition at p. 4.

as a father to his child." Id. Petitioner "only wants this Court to determine what federal rights if any he retains to his minor child. And determine if federal rights are different than state rights." Id. at pp. 2-3.

## II.   DISCUSSION

This Court has the authority to dismiss an action sua sponte where it lacks subject matter over the action. See Fed. R. Civ. P. 12(h)(3) ("[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action"); Williams v. Rogers, 449 F.2d 513, 518 (8th Cir. 1971) ("where jurisdiction does not exist the court, whether trial or appellate, shall dismiss the action sua sponte"), cert. denied, 405 U.S. 926 (1972), (citing Louisville and Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908).

Pursuant to the Rooker-Feldman doctrine, "with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments." Lemonds v. St. Louis County, 222 F.3d 488, 492 (8th Cir. 2000), cert. denied, 531 U.S. 1183 (2001) (citing District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923)). This is because "federal jurisdiction to review most state court judgments is vested exclusively in the United States Supreme Court." Id. (citing 28 U.S.C. § 1257; Feldman, 460 U.S. at 486).

As such, a federal plaintiff who was unsuccessful in state court "is barred from seeking what in substance would be appellate review of the state judgment in a United States district court based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005-1006 (1994) (citing Feldman, 460 U.S. at 482; Rooker, 263 U.S. at 416). The Rooker-Feldman doctrine not only prohibits

3

"straightforward appeals" of state judgments, but also federal review of matters "inextricably intertwined" with state court rulings.  See Ballinger v. Culotta, 322 F.3d 546, 548 (8th Cir. 2003) (citing Lemonds, 222 F.3d at 492).  "A general federal claim is inextricably intertwined with a state court judgment 'if the federal claim succeeds only to the extent that the state court wrongly decided the issue before it.'"  Lemonds, 222 F.3d at 493 (quoting Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 25 (1987) (Marshall, J., concurring)).

Despite his attempt to characterize his federal complaint as one seeking to vindicate his federal constitutional and human rights, the essence of the relief Cedar is seeking is a reversal of the Minnesota state courts' rulings against him and an award of custodial and visitation rights to his child.  In fact, Cedar acknowledged that he was asking this Court "to determine what federal rights if any he retains to his minor child.  And determine if federal rights are different than state rights."  See Pet.'s Mem. at pp. 2-3.

The damage allegedly suffered by Cedar, the deprivation of his parental rights, was the result of a state court judgment.  If this Court were to grant Cedar the relief he had requested, it would be because this Court found that the state court had wrongfully deprived him of his parental rights.  As such, the Rooker-Feldman doctrine prevents this federal court from exercising jurisdiction over Cedar's action because his claims in this action are inextricably intertwined with the decisions of those state courts that deprived him of his parental rights.

For all these reasons, Cedar's Petition should be dismissed because this court lacks subject matter jurisdiction over this case.

## III.     RECOMMENDATION

For the reasons set forth above and based on all the files, records, and proceedings herein, IT IS RECOMMENDED that:

Petitioner's Petition for Declaratory Judgment [Docket No. 1] be **DISMISSED** with prejudice.

Dated:  February 14, 2007

s/ *Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **March 5, 2007**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this Rules shall be limited to 3500 words.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.